IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TONY WALKER ENTERPRISES, INC.,**
**d/b/a PICOR,**

    Plaintiff,

v.

**PACIFIC CENTRAL STEEL**
**FABRICATION, INC.,**

    Defendant.                                   No. 12-cv-586-DRH-PMF

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff Tony Walker Enterprises, Inc., d/b/a PICOR's motion for default judgment (Doc. 8). Plaintiff's motion is **DENIED**, as it disregards the Local Rules of this Court, in addition to the FEDERAL RULES OF CIVIL PROCEDURE.

Pursuant to Rule 55(a) and Local Rule 55.1(a), a party must first motion the Clerk for an entry of default before the Court can properly entertain a motion for default judgment. *See* Fed. R. Civ. P. 55(a); SDIL-LR 55.1(a). Moreover, a proper motion for default judgment under Rule 55(b), "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought." SDIL-LR 55.1(b). Finally, "[i]f the moving party knows, or reasonably should know, the identity of an attorney thought to

represent the defaulted party, the motion shall state that a copy has been mailed to that attorney." SDIL-LR 55.1(b).

Plaintiff has not motioned the Clerk for an entry of default. Additionally, plaintiff's motion does not state that it mailed a copy to defendant's last known address. Lastly, plaintiff does not indicate whether it has knowledge of defendant's attorney generally, or even whether it believes defendant is represented by counsel in this dispute. Thus, plaintiff does not indicate whether it sent a copy of the instant motion to defendant's attorney, whether or not plaintiff knows him to represent defendant on this dispute specifically. Accordingly, plaintiff's motion is wholly inadequate and must be **DENIED** (Doc. 8).

**IT IS SO ORDERED.**

Signed this 17th day of July, 2012.

David R. Herndon
2012.07.17
10:26:50 -05'00'

**Chief Judge**
**United States District Court**